# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT C. ACEVES, | |
| Plaintiff, | Case No. 2:10-cv-00421-ECR-PAL |
| vs. | **ORDER** |
| EFCO CORP., | (Stip. Ext. Deadlines - Dkt. #14) |
| Defendant. | |

The court conducted a hearing on the parties' proposed Stipulation and Order to Extend Discovery Deadlines (Dkt. #14) on August 10, 2010. Martin Rygg appeared on behalf of the Plaintiff, and James Whitmire appeared on behalf of the Defendant.

The parties requested a 90-day extension of the Discovery Plan and Scheduling Order deadlines. The court canvassed counsel concerning the discovery conducted to date, and the discovery each side reasonably anticipate would be needed to get this case prepared for trial. Counsel for Plaintiff advised that the lawyer who had previously been assigned to this case left the firm in June of this year. Since he has been assigned to represent the Plaintiff, he has initiated written discovery and defended his client's deposition. Plaintiff intends to take five to seven depositions of percipient witnesses, and take the deposition of the Defendant's Rule 30(b)(6) designee, and an individual witness knowledgeable about Defendant's safety policies and procedures. Plaintiff has retained experts who will opine on product liability issues, and counsel will be forwarding the documents received from Defendant's document production to the experts as soon as they are received. In addition to the products liability issues, counsel for Plaintiff indicates there are medical causation issues which Defendant will want to explore. Plaintiff's counsel has also served subpoenas *duces tecum* for the custodian of records of OSHA and Plaintiff's worker's compensation carrier, Chartis Insurance.

Counsel for Defendant indicated that counsel for both sides have been cooperative and courteous and that he does not expect problems coordinating necessary discovery. Defendant propounded written discovery in May and just received the Plaintiff's responses. The Plaintiff was deposed in July. Also, Plaintiff returned medical authorization releases to allow the Defendant to obtain any missing medical records. Defendant has not yet decided whether to request an independent medical examination of the Plaintiff. At this time, Defense counsel does not anticipate retaining an expert for Defendant's case in chief, but has not yet ruled this out. The witnesses are scattered all over the country which may present a coordination problem.

The court is satisfied that the parties are making progress in discovery and will approve the request for a 90-day extension. The court will conduct a brief status conference in approximately thirty days to monitor the parties' progress in scheduling and completing necessary discovery. Counsel were directed to meet and confer to locate witnesses and schedule dates and times for depositions. Counsel were also advised that, although the court would consider individual adjustments to the Discovery Plan and Scheduling Order deadlines, that absent compelling circumstances and a strong showing of good cause, no further extensions will be allowed.

**IT IS ORDERED** that:

1. A telephonic status conference is set for September 7, 2010 at 9:00 a.m. in Courtroom 3B. Each party requesting to appear telephonically is instructed to call Jeff Miller, Courtroom Deputy, at (702) 464-5420 **before 4:00 p.m., September 6, 2010** to indicate the name of the party participating and a telephone number where that party may be reached. The courtroom deputy will initiate the call. At the status conference, the court will address the discovery completed to date, the discovery that remains to be done, the parties' progress in scheduling deposition discovery, and any impediments to the parties' ability to comply with the extended Discovery Plan and Scheduling Order deadlines.

Dated this 11th day of August, 2010.

_____
Peggy A. Leen
United States Magistrate Judge